UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
SHAWN ROWLETT,                     :
                                   :
         Petitioner,               :   Civ. No. 18-17153 (NLH)
                                   :
    v.                             :   OPINION
                                   :
S. YOUNG,                          :
                                   :
         Respondent.               :
_____:

APPEARANCE:
Shawn Rowlett, No. 26768-009
FCI – Fairton
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro se

HILLMAN, District Judge

　　　Petitioner Shawn Rowlett seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prepayment of fees or security and appears to seek to proceed in forma pauperis in that he requests a waiver of the fee in his cover letter.  See ECF Nos. 1 (petition); 1-1 (cover letter).

Filing Fee

　　　The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed in forma pauperis, that petitioner must submit (a) an

affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Here, Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis. In his cover letter, he explains that he can either send a cashier's check for the $5.00 filing fee, which he says will take a few weeks, or he requests that the Court waive the filing fee. It may be that the Petitioner is intending to request to proceed in forma pauperis. Therefore, the Court will provide Petitioner with an opportunity to fill out and file a complete application to proceed in forma pauperis or he may send a cashier's check for the filing fee.

Conclusion

For the reason set forth above, the Clerk of Court will be ordered to administratively terminate this action without

prejudice.[1]  Petitioner will be granted leave to apply to re-open within thirty (30) days, by paying the filing fee of $5.00, or submitted a completed application to proceed in forma pauperis. An appropriate Order will be entered.

Dated: December 14, 2018           s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).