UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SHAWN ROWLETT,

    Petitioner,

  v.

S. YOUNG,

    Respondent.

Civ. No. 18-17153 (NLH)

MEMORANDUM AND ORDER

---

IT APPEARING THAT:

1. Petitioner is an inmate currently confined at the Federal Correctional Institution at Fairton in Fairton, New Jersey, and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner has now paid the filing fee.

2. Although Petitioner submitted his Petition on the correct form, he failed to complete it in its entirety. Specifically, he failed to sign the Petition under penalty of perjury as required by the Rules Governing Habeas Proceedings as well as by the Local Civil Rules.[1]

---

[1] Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of habeas corpus . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

Loc. Civ. R. 81.2(a). In addition, Rule 2(c)(5) of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), requires that the petition be signed under penalty of perjury by the petitioner.

3. Petitioner must file an amended petition that is signed under penalty of perjury as required.

IT IS THEREFORE on this __5th__ day of March, 2019,

ORDERED that the Clerk of Court shall reopen this matter by making a new and separate entry on the docket reading "CIVIL CASE REOPENED;" and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank habeas petition form "AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" for use by Petitioner; and it is further

ORDERED this matter shall be ADMINISTRATIVELY TERMINATED[2]; and it is further

ORDERED that, if Petitioner wishes to re-open this action, he shall so notify the Court within 30 days of the date of entry of this Order, in writing addressed to Clerk of the Court, at Mitchell H. Cohen Building and U.S. Courthouse, Fourth and

---

[2] Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); Dasilva v. Sheriff's Dep't., 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs ….").

Cooper Streets, Camden, New Jersey, 08101; Petitioner's writing shall include an amended petition which is signed under penalty of perjury as required; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.


|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |